## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| A.J. SAMUEL BIBBS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 18 C 208 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| COOK COUNTY SHERIFF | ) | |
| THOMAS J. DART, UNKNOWN | ) | |
| AND UNNAMED CERMAK | ) | |
| HEALTH CENTER, COUNTY OF | ) | |
| COOK CORRECTIONAL OFFICERS | ) | |
| AND MEDICAL PERSONNEL | | |
| ASHLEY BLOODWORHT, SUSAN | | |
| SHEBEL, C.O. RUIZ-RANGEL, | | |
| | | |
| *Defendants.* | | |

## ORDER

Plaintiff A.J. Samuel Bibbs brings two counts of deliberate indifference under 42 U.S.C. § 1983 against a multitude of defendants, including movant Defendant Susan Shebel. (Dkt. 47). Count I alleges that defendants were deliberately indifferent to Bibbs's need for prompt and continued medical treatment, in violation of Bibbs's Fourteenth Amendment rights. Count II alleges that defendants failed to institute a proper policy for follow-up medical care to ensure that medical orders, treatments, and prescriptions were timely filled. This failure, according to Bibbs, caused Bibbs's medical condition to worsen, which amounted to deliberate indifference, also in violation of Bibbs's Fourteenth Amendment rights. Shebel moves to dismiss the Second Amended Complaint as it pertains to her on the basis that Bibbs's suit is barred by the applicable two-year statute of limitations and that Bibbs failed to adequately allege Shebel's personal involvement in the purported constitutional violation.[1] (Dkt. 67). Shebel's motion to dismiss is granted.

The following factual allegations are taken from Bibbs's Second Amended Complaint and are presumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Bibbs was a pretrial detainee

---

[1] Shebel also argues in the alternative that Bibbs is prohibited from demanding specific medical treatment. (Dkt. 67 at 9–10). As Bibbs disclaims he argues he is entitled to specific treatment, and because Shebel's argument regarding personal involvement are dispositive, the Court does not reach the specific treatment issue. (Dkt. 72-1 at 3).

at the Cook County Jail between 2010 and 2017. (Dkt. 47 ¶¶ 7–8). In January 2013, Bibbs began experiencing "serious gastrointestinal issues including severe stomach pain, nausea and vomiting" for which he repeatedly requested medical attention. (Dkt. 47 ¶ 9). Although Bibbs received medical treatment, the symptoms persisted and he submitted a series of Health System Request Forms and grievances through September 2016. (Dkt. 47 ¶¶ 10–14).

On December 14, 2016, Bibbs saw a GI specialist at Stroger Hospital who conducted an endoscopy revealing multiple ulcers for which Bibbs was prescribed special medication. (Dkt. 47 ¶ 15). Bibbs's prescriptions were not immediately filled and, on December 18, 2016, Bibbs filed an additional grievance seeking access to his medication. On January 20, 2017, Shebel, a nurse, accepted Bibbs's appeal of one of his grievance forms. (Dkt. 47 ¶ 17). Bibbs gained access to his prescribed medication and, by January 25, 2017, "the multiple ulcers were resolving." (Dkt. 47 ¶ 19).

Bibbs believes the treatment he received prior to December 2016 was inadequate and contributed to the severity of his symptoms. Bibbs filed an initial *pro se* Complaint in this action on February 15, 2018, naming Shebel along with many other defendants. Shebel was dropped as a defendant from the First Amended Complaint, filed on October 19, 2018. (Dkt. 23). The operative Second Amended Complaint, filed on December 30, 2019, added Shebel as a named defendant once again. (Dkt. 47). Shebel filed an executed waiver of service for the Second Amended Complaint on July 16, 2020. (Dkt. 65).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court accepts the complaint's factual allegations as true and draws all permissible inferences in Plaintiff's favor. *Schumacher*, 844 F.3d at 675 (quoting *Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Seventh Circuit interprets this plausibility standard to mean that the plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schumacher*, 844 F.3d 676 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Iqbal*, 556 U.S. at 678)).

A two-year statute of limitations applies to § 1983 claims in Illinois. *Hudson v. Nwaobasi*, 821 Fed. Appx. 644, 646 (7th Cir. 2020) (citing *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019)); *see also Farley v. Koepp*, 788 F.3d 681, 684–85 (7th Cir. 2015) ("[T]he [§ 1983] limitations period [is] borrowed from state law because the federal statute lacks its own statute of limitations."). "The statute of limitations starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Hudson*, 821 Fed. Appx. at 646 (quoting *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013)) (internal quotation marks omitted). As to Shebel, Bibbs's § 1983 claim arose on January 20, 2017, when Bibbs alleged Shebel accepted his grievance appeal. (Dkt. 47 ¶ 17.) Applying the two-year statute of limitations period for Illinois § 1983 claims, Bibbs's claim against Shebel ran on January 20, 2019.

The issue here is what event tolls the statute of limitations for § 1983 claims. Although Bibbs filed his initial complaint naming Shebel as a defendant on February 15, 2018 (within the limitations period), Shebel argues that service is required to toll the limitations period. (Dkt. 67 at 4–7.) A review of the docket indicates no evidence Bibbs served or obtained waiver of service from Shebel of the initial complaint. As Bibbs does not contest Shebel's assertion that she was not served the first complaint in his response, Bibbs waives the argument. (Dkt. 72-1 at 2); *see Bonte v. U.S. Bank. N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

"The timeliness of an action based on federal-question jurisdiction turns on the date the action was commenced in accordance with Rule 3 of the Federal Rules of Civil Procedure." *Farley*, 788 F.3d at 684; *see also* 735 ILCS 5/13-202 (section § 1983 claims "shall be ***commenced*** within 2 years next after the cause of action accrued") (emphasis added). "This rule applies even where, as here, the limitations period must be borrowed from state law because the federal statute lacks its own statute of limitations." *Farley*, 788 F.3d 684–85. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Filing the initial complaint within the limitations period, even absent service, was sufficient to render Bibbs's § 1983 claim against Shebel timely. *See Farley*, 788 F.3d at 686 (holding that a § 1983 claim was timely when the complaint was e-mailed to the clerk's office within the limitations period but uploaded to CM/ECF outside of the limitations period); *see also, e.g., Haywood v. Delfavero*, No. 06 C 2264, 2007 WL 9813513, at *2–3 (N.D. Ill. Jun. 28, 2007) (finding a § 1983 claim was timely when the motion for leave to file a second amended complaint naming additional defendants was filed within the limitations period but the court ruled on and filed the proposed amendments outside of the limitations period).

In the alternative, Shebel argues that Bibbs failed to adequately allege her personal involvement in the purported constitutional violation. (Dkt. 67 at 7–9.) "[T]o be liable under § 1983, the individual defendant must have 'caused or

participated in a constitutional deprivation.'" *Pepper v. Village of Oak Park*, 430 F.3d 805, 801 (7th Cir. 2005) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)); *see also Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019). To survive Rule 12(b)(6) scrutiny, the Second Amended Complaint must contain well-pleaded facts to show how Shebel's individual actions constituted deliberate indifference to Bibb's medical condition or related to a lack of a policy ensuring proper medical follow-up.

Bibbs's allegations regarding Shebel's involvement are spare. Bibbs describes Shebel as one of his "health care providers who failed to provide timely treatment and follow up following the December 14, 2016 procedure at Stroger Hospital." (Dkt. 47 ¶ 4); *see also* (Dkt. 72-1 at 2 "Shebel was in a position as a nurse to ensure that the post-operative orders were carried out and that the plaintiff's condition was treated as per the physician's orders."). The Second Amended Complaint contains no facts as to Shebel's role as a health care provider. Bibbs does not allege that Shebel saw him, examined him, treated him, or in any way took part in his medical care while he was a detainee. Nor does Bibbs allege that Shebel was specifically responsible for ensuring he got access to the medication prescribed during the December 14, 2016, procedure. Instead, Bibbs's only alleges that Shebel finally allowed an appeal on January 20, 2017. (Dkt. 47 ¶ 17). Shebel's role in allowing the January 20, 2017, appeal is confirmed by the copy of the January 20, 2017, appeal, bearing Shebel's signature, attached as an exhibit to the original complaint. (Dkt. 6 at 35–37).

The mere fact that Shebel allowed Bibbs's January 20, 2017, appeal alone is insufficient to adequately allege Shebel's personal involvement in a § 1983 claim. It is wholly unclear how ***allowing*** Bibbs's appeal violated his constitutional rights. Moreover, as Bibbs alleges that, "[b]y January 25, 2017, following the proper course of medication and treatment, the multiple ulcers were resolving," it appears that Shebel's involvement may have helped resolve Bibbs's medical issues. Without more, the allegations in the Second Amended Complaint are insufficient to maintain a cause of action as to Shebel.

## CONCLUSION

For the foregoing reasons, Shebel's motion to dismiss Bibbs's Second Amended Complaint with respect to her (Dkt. 67) is granted without prejudice. Bibbs is given 21 days from the date of this order to file a Third Amended Complaint that comports with this Opinion if he is able to do so.

Virginia M. Kendall
United States District Judge

Date: November 9, 2020